UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONI PEDRO JUAN (A No. 221 486 619),

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-4506 DC CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility, proceeds with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1] For the reasons which follow, the court recommends that the amended petition be GRANTED.

I. Background

Petitioner, 21, is a native and citizen of Guatemala. ECF No. 10-1. He entered the United States in February of 2021. ECF No. 1 at 6. On March 9, 2026, petitioner was arrested in Palm Beach County, Florida, for resisting a police officer with violence and obstructing justice. ECF

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

No. 10-2 at 5-6. Petitioner was taken into ICE custody on March 13, 2026, at the Palm Beach County Jail and charged with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and § 1182(a)(6)(A)(i). ECF No. 10-1 at 1-2 & 10-2 at 2. This was petitioner's first encounter with ICE. ECF No. 10-1 at 2.[2]

Petitioner was charged with resisting a police officer with violence on April 2, 2026. ECF No. 10-2 at 5. Ultimately, petitioner was convicted of resisting an officer without violence, a misdemeanor, on April 27, 2026. ECF No. 10-2 at 5-6. While not entirely clear, it appears petitioner was sentenced to 49 days' time served in both Palm Beach County Jail and ICE custody. ECF No. 10-2 at 6.

On April 30, 2026, petitioner was ordered to appear for removal proceedings on June 30, 2026. ECF No. 10-3. The status of the removal proceedings is not clear.

Petitioner has been in continuous ICE custody since March 13, 2026. It does not appear petitioner has had a hearing before an immigration judge to determine the appropriateness of his custody.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S.

---

[2] Petitioner claims that when he entered the United States he was detained and released. ECF No. 8 at 7. However, petitioner fails to point to any evidence supporting this. Evidence provided by respondents suggests petitioner's March 13, 2026, encounter with ICE was the first. ECF No. 10-1 & 10-2. Most notably, removal proceedings were commenced against petitioner after he was taken into ICE custody on March 13, 2026, and it does not appear any proceedings pertaining to removal or asylum were pending or resolved before that occurred.

289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Violation of 8 U.S.C. § 1226(a)

Under facts not materially distinguishable from those herein, the Ninth Circuit recently found in Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) that respondents violated 8 U.S.C. § 1226(a) by failing to provide petitioner with a bond hearing the result of which would have been release if petitioner was able to show he is neither a danger to the community or an unacceptable flight risk.

Under the circumstances presented in this case, a prompt bond hearing is the appropriate remedy. Respondents present evidence that petitioner has a recent criminal conviction suggesting that he may be a danger to the community if released. He has a right to demonstrate otherwise.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus (ECF No. 8) be GRANTED;

2. Respondents be ordered to commence a bond hearing within 14 days before an immigration judge at which petitioner is afforded the opportunity to have counsel present and be granted release from custody if he can show that he is not a danger to the community or is an unacceptable risk of flight.

3. Respondents be ordered to file a status report within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **SEVEN** days after service of the objections.

/////

/////

/////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 10, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
juan4506.imm.frs